IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DR. SELBERT CHERNOFF and WANDA CHERNOFF, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| NATIONWIDE CREDIT, INC. | ) ) |
| Defendant. | ) ) |

Case No. 07-0301-CV-W-FJG

## **ORDER**

Currently pending before the Court is defendant's Motion to Dismiss and an Amended Motion to Dismiss (Docs. # 19, 21).

Defendant moves the Court to dismiss plaintiffs' Complaint for failure to prosecute, for failure to comply with the Federal Rules of Civil Procedure and for failure to state a claim on which relief can be granted. Defendant states that it served its first set of interrogatories and requests for production of documents on plaintiffs on September 25, 2007. Defendant asserts that plaintiffs' responses were insufficient, so defendant requested an extension of time to complete discovery and served a second set of interrogatories on February 15, 2008. Additionally, on February 20, 2008, defendant sent plaintiff Wanda Chernoff medical authorization forms. Plaintiffs' responses were due on March 17, 2008. Defendant states that no responses were received by that date, so letters were sent to plaintiffs on March 27, 2008 and again on April 1, 2008. Defendant states that as of May 5, 2008, no responses or authorizations have been received. Defendant argues that dismissal for failure to prosecute and for

failure to comply with the Federal Rules of Civil Procedure is appropriate. Additionally, defendant seeks dismissal under Fed.R.Civ.P. 12(b)(6). Defendant states that plaintiffs have failed and refused to provide any evidentiary support for their claims that defendant violated the Fair Debt Collection Practices Act.

Plaintiffs filed a response stating that the documents requested have been provided to defendant. The docket sheet indicates that plaintiffs responded to defendant's second set of interrogatories on May 12, 2008. Plaintiffs also state that the defendant has failed to provide them with copies of phone records which they requested. Plaintiffs state that they filed a motion to compel the production of these records which has not yet been ruled upon by the Court. However, the Court would note that there is no indication on the docket sheet of plaintiffs having filed any motion to compel.

Although defendant filed a Motion to Dismiss, the Court finds that the motion is more in the nature of a discovery motion. Instead of contacting the Court to arrange a teleconference to discuss the discovery issue, defendant waited until after discovery closed and is now asking the Court to dismiss plaintiffs' case. Local Rule 37.1 states that the Court will not entertain any discovery motion until counsel for the moving party has conferred by telephone or in person with opposing counsel and certified this compliance. Additionally, the rule provides that if issues remain unresolved, the parties should contact the Court for an immediate telephone conference. No written discovery motion shall be filed until this telephone conference has been held. Additionally, the Scheduling Order clearly states in ¶ 1(c): "Any discovery motion must be filed **before** the close of discovery, and in sufficient time for the Court to rule the motion. The Court will not entertain any discovery motion absent full compliance with Local Rule 37.1. Any

discovery motion filed without complying with Local Rule 37.1 will be denied."

In the instant case, defendant should have contacted the Court when plaintiffs failed to respond to the discovery requests or letters. If defendant had done so, the issue could have been resolved before discovery closed. While it is true that plaintiffs were delinquent in their responses to the discovery requests, the Court will not dismiss plaintiffs' complaint, when defendant did not follow the Scheduling Order and attempt to resolve the issue in advance of the discovery deadline.

Dismissal of plaintiffs' Complaint is also not appropriate under Fed.R.Civ.P. 12(b)(6). In Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), the Supreme Court rejected the "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Court stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . .on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . .

Id. at 1964-65 (internal citations and quotations omitted). The Court went on to note that, "of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Id. at 1965 (internal citations and quotations omitted). The Court emphasized that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

In the instant case, plaintiffs have stated a claim under the Fair Debt Collection Practices Act. Defendant argues in its motion that there is no support for plaintiffs' claim, but that is an argument which is more properly presented in a summary judgment

3

motion.

Accordingly, the Court hereby **DENIES** defendant's Motion and Amended Motion to Dismiss (Doc. # 19, 21).


Date: 5/23/08                          **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri               Fernando J. Gaitan, Jr.
                                              Chief United States District Judge